UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>NANCY HUTT, et al.,<br><br>            Defendants. | Case No. 21-cv-01292-HSG  (JD)<br><br>**ORDER RE JUDICIAL DISQUALIFICATION** |

Pro se plaintiff Shu filed a request to disqualify Judge Gilliam under 28 U.S.C. § 455 from presiding over this case and another action, Case No. 20-cv-06537-HSG. Dkt. No. 16. The Court has written extensively about the standards of Section 455 and allied provisions. *See Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084 (N.D. Cal. 2017); *Sanai v. Kozinski*, No. 19-cv-08162-YGR (JD), 2021 WL 2273982 (N.D. Cal. May 24, 2021). These decisions are incorporated here by reference.

In pertinent part, motions under Section 455 "are determined by the judge to whom the motion is directed." *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1088 (citing 28 U.S.C. § 455(a) and *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980)); *see also Sanai*, 2021 WL 2273982, at *2 (Section 455 motion is entrusted to the Court's sound discretion) (citing *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 541 U.S. 913, 926-27 (2004)). The salient inquiry "is an objective one and asks 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably by questioned.'" *Nat'l Abortion Fed'n*, 257 F. Supp. 3d at 1089 (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)). "The 'reasonable person' for this inquiry is not 'someone who is "hypersensitive or unduly suspicious,"' but rather is a 'well-informed, thoughtful observer.'" *Id.* (quoting *Holland*, 519 F.3d at 913).

While Judge Gilliam would have been perfectly within rights to decide the disqualification request himself, he referred it to reassignment to another judge pursuant to our District's local rules, and undoubtedly out of an abundance of caution. The request was randomly reassigned to this Court, and it is denied.

Shu's main contention for disqualification is that Judge Gilliam's prior employment as an assistant United States Attorney and a partner in a law firm created a personal bias against Shu. *See* Dkt. No. 16 at 2, 7. Why that might be true is left unsaid. Judge Gilliam has served as a District Judge since 2014, and left his prior positions several years ago. Nothing in the record indicates that Judge Gilliam had any interactions whatsoever with Shu before these cases, or that he worked on matters related in any way to the claims or evidence Shu's cases might involve. A thoughtful and well-informed observer would not find any cause for concern about Judge Gilliam's impartiality based on prior employment relationships that ended years ago and have no ties to Shu's litigation. The inference of partiality that Shu seeks to draw is wholly speculative, which is not a ground for recusal. *See Sanai*, 2021 WL 2273982, at *4 (citing *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005) ("Section 455(a) does not require recusal based on speculation.")).

So too for Shu's suggestion that Judge Gilliam "blocked" him from getting assistance from our District's pro se help center or a pro bono lawyer. Nothing in the record even hints that Judge Gilliam hindered Shu from getting legal help with his cases.

Shu's dissatisfaction with Judge Gilliam's decisions is also no basis for disqualification. *See* Dkt. No. 16 at 3, 7 (discussing ostensible legal errors). It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). They may be grounds for an appeal, but not for removal of a judge. *Id*.

**IT IS SO ORDERED.**

Dated: October 19, 2021

JAMES DONATO
United States District Judge