UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>NANCY HUTT, et al.,<br><br>   Defendants. | Case No. 21-cv-01292-HSG<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 3, 10 |

  Plaintiff David Shu filed a qui tam action against Nancy Hutt, an arbitrator for the United States Postal Service ("USPS"); two USPS employees, Donald Swartz and Priscilla Jena Rivera; and an individual named Oliverio Leon Bacilios, who filed a claim for property damage with USPS. Dkt. No. 1 ("Compl."). Pending before the Court is Plaintiff's motion to proceed in forma pauperis. Dkt. No. 2. Plaintiff has also filed a motion for appointment of counsel. *See* Dkt. No. 10 ("Mot."). For the reasons explained below, both motions are **DENIED.**

  Because Plaintiff is not represented by counsel, he cannot proceed pro se in a qui tam action. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1128 (9th Cir. 2007) (concluding "a pro se relator cannot prosecute a qui tam action on behalf of the United States"). The Court previously dismissed Plaintiff's claim under the False Claims Act without leave to amend and without prejudice on this ground, and further instructed Plaintiff that his claim under the False Claims Act "cannot be pursued, in this or any other case, unless and until Plaintiff retains a lawyer." *See United States ex rel et al v. Hutt*, 4:20-cv-07614-HSG (N.D. Cal. Jan. 6, 2021). Because Plaintiff has not retained a lawyer, the Court again **DENIES** Plaintiff's motion to proceed in forma pauperis and **DISMISSES** the complaint without leave to amend and without prejudice based on Plaintiff's pro se status.

  To the extent that Plaintiff seeks to circumvent the Ninth Circuit's holding in *Stoner* by

bringing a qui tam action pro se and then asking the Court to appoint him a lawyer, that request is denied.  Putting aside the propriety of such a request, this case plainly does not present the "exceptional circumstances" required for a court to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(e)(1).  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted).

A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate their claims pro se in light of the complexity of the legal issues involved.  *See Agyeman*, 390 F.3d at 1103.  Both factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*  Plaintiff contends that his case presents an "exceptional circumstance" because he does not have the ability to clearly articulate his claims pro se, since English is not his native language, and because his claims have a high likelihood of success.  *See* Mot. at 4-5.

The Court disagrees.  Despite any language barriers, Plaintiff has thus far sufficiently articulated his claims pro se, as demonstrated by his complaint totaling 50 pages.  *See* Dkt. No. 1.  But most importantly, and as explained in the Court's prior orders analyzing the same claims arising from the same set of facts, the Court finds that Plaintiff has not demonstrated a likelihood of success on his claims, and that he cannot do so.  *See, e.g.*, *Shu v. Hutt*, 4:19-cv-06969-HSG (N.D. Cal. Apr. 27, 2020).  Accordingly, Plaintiff's motion to proceed in forma pauperis and his motion for appointment of counsel are **DENIED.**  The Clerk shall terminate all pending motions and close the file.  No further pro se filings will be accepted in this closed case.

**IT IS SO ORDERED.**

Dated:  12/10/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2